FILED
SUPERIOR COURT
OF GUAM

2022 SEP -7 PH 2: 16

CLERK OF COURT

BY:_____

IN THE SUPERIOR COURT OF GUAM

RUSTICO Q. CALMA,

                    Plaintiff,

    vs.

DIANA J. CALMA,

                    Defendant.

CIVIL CASE NO. CV0300-20

DECISION AND ORDER RE.
PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT

## I.    **INTRODUCTION**

This matter came before the Honorable Judge Maria T. Cenzon on June 13, 2022 for a hearing on Rustico Q. Calma's (the "Plaintiff") Motion for Summary Judgment (the "Motion"). The Plaintiff was represented by his counsel, Gary W. F. Gumataotao. Attorney Jeffrey A. Cook was present on behalf of Diana J. Calma (the "Defendant"). The Court took the matter under advisement pursuant to Supreme Court of Guam Administrative Rule 06-001 and CVR 7.l(e)(6)(A) of the Local Rules of the Superior Court of Guam. Having duly considered the parties' written briefs, the arguments presented at the Motion Hearing, and the applicable statutes and case law, the Court now issues the following Decision and Order **DENYING** Plaintiff's Motion.

//

//

## II.   BACKGROUND

Plaintiff and Defendant are father and daughter. The familial dispute concerns five (5) properties identified here as:

Parcel 1: Lot Number 2-R1, Block 4, Tract No. 149, Tamuning, Guam.
Parcel 2: Lot Number 103-2, Tract No. 534, Dededo, Guam.
Parcel 3: Lot Number 7, Block No. 6, Tract No. 178, Agafa-Gumas, Dededo, Guam.
Parcel 4: Lot No. 5-R1, Block No. 25, Dededo, Guam.
Parcel 5: Lot No. 192, Block No. 4, Tract No. 100, Unit No. 4, Dededo, Guam.

*See* Compl. at 3 (Mar. 16, 2020).

While Plaintiff's suit seeks the rescission of deeds reputedly transferring these properties from Plaintiff to Defendant because of alleged fraud, this Motion for Summary Judgment deals exclusively with parcels 2, 4, and 5.[1] The Plaintiff argues that the Rusty Calma Revocable Trust (the "Trust"), executed on or about June 13th, 2012, holds control over Parcel 2 and another property, a condominium unit in Manila, Philippines. Plaintiff's Br. at 2 (Sept. 28, 2021). Thus, the Plaintiff contends that any attempt to transfer Parcel 2 is null and void because it was held by the Trust, and not the Plaintiff, when the deed was executed. *Id*. Similarly, the Plaintiff also posits that the deed identified as instrument #897518 in Exhibit D of Plaintiff's Complaint, which attempts to transfer the condominium in Manila and Parcels 4 and 5, is also null and void because the condominium in Manila was held by the Trust, and, since this transfer cannot be severed from the rest of the deed, the attempt to transfer Parcels 4 and 5 is also null and void. *Id*. at 7.

//

---

[1] Despite Plaintiff attaching Exhibits to the Complaint containing deeds "whereby Plaintiff is the purported grantor and one or both Defendant are the purported grantee," Plaintiff's Compl. ¶ 7, only Exhibit D, containing instrument #897518, actually identifies property that was transferred from the Plaintiff to the Defendant. Exhibit A identifies the Plaintiff as a Grantee and an unidentified third party as the Grantor, Exhibit B fails to identify any property subject to that deed, and Exhibit C again identifies the Plaintiff as a Grantee instead of the Grantor.

## III. DISCUSSION

"Summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " *Unpingco v. Derry*, 2021 Guam 1 ¶ 9 (citing Guam R. Civ. P. 56(c)). "A genuine issue of material fact exists when there is sufficient evidence to establish a factual dispute that must be resolved by a factfinder." *Camacho v. Perez*, 2017 Guam 16 ¶ 12 (citing *Iizuka Corp. v. Kawasho Int'l (Guam), Inc.*, 1997 Guam 10 ¶ 7 (per curiam)). In reviewing a motion for summary judgment, "[the] court must view the evidence and draw inferences in a light most favorable to the non-movant." *Id.* ¶ 13 (quoting *Gov't of Guam v. Gutierrez*, 2015 Guam 8 ¶ 26). "A movant bears the initial burden to show that undisputed facts in the record support a *prima facie* entitlement to the relief requested." *Hawaiian Rock Products Corp. v. Ocean Hous., Inc.*, 2016 Guam 4 ¶ 27. "The movant may '[satisfy] and discharge[ ] its burden by establishing the absence of evidence to support the non-moving party's case.' " *Waathdad v. Cyfred, Ltd*, 2021 Guam 24 ¶ 17 (quoting *Kim v. Hong*, 1997 Guam 11 ¶ 6).

Under the circumstances, the Plaintiff's Motion wholly unsupported by fact or law. Article A, titled "Properties of Trust", explicitly states which properties are subject to the Trust, in pertinent part:

1. The Trustees hereby acknowledge the receipt of the properties listed on the certificate attached to this declaration of trust, which have been assigned and transferred to them as Trustees hereunder by the Settlor.

2. Additional properties may be assigned, conveyed, and/or transferred to the Trustees by the Settlor during her lifetime. A receipt for such additional properties

shall be executed by the Trustees and a description thereof added to the certificate attached to this declaration of trust.

Plaintiff's Submission of Documents at 1 (Mar. 2, 2021). The certificate attached to the declaration of trust reads as follows:

> The Trustees of the Rusty Calma Revocable Trust acknowledge that they hold the following items under the terms of the trust agreement dated June 13, 2012: $10.00 Cash.

*Id.* at 24.

Plaintiff correctly maintains that the Trust *mentions* Parcel 2 and the condominium in Manila, but it does so under Article C, titled "Provisions Applicable Upon and After Death of Rustico Q. Calma." *Id.* at 2. This particular section dictates that:

1. As soon as practicable after the death of the Settlor, the Trustees shall distribute all my rights, title and interest in the following properties, free of trust, to the following individuals . . . .

   a. Fifty Percent (50%) of my right, title, and interest to the Real Property more particularly described as Chalan Pugua, Lot No. 103-2, Tract No. 534, Municipality of Dededo to my grandson Michael Roy Calma, the remaining Fifty Percent (50%) to be disposed of in accordance with Section II below.

   b. All my right title and interest to my condominium unit located at oriental Garden Condominium Complex located in Makata, Metro-Manila, Philippines to my son, Mark Anthony Calma of Laguna City, Philippines.

*Id.* at 3.

The Defendant recognized the aforementioned language and soundly reasoned that "[t]here is no evidence that the real property . . . was ever conveyed to the Trustees." Deft.'s Br. at 3. The Plaintiff failed to substantively counter Defendant's argument that the properties were never in control of the Trust and thus that the Plaintiff possessed the ability "to transfer the property to whomever he wanted prior to his death." *Id.* Instead, the Plaintiff reverts back to his

argument that the Plaintiff never revoked the properties as set out in Article B(2) and thus any attempt to assign them should be void. *See* Plaintiff's Reply. Br. at 2 ("The instruments do not conform with the process detailed in the Trust for revocation.").

The obvious question still persists: why would the Plaintiff have to revoke the properties from the Trust if they were never part of the Trust *Res*? The Trust unambiguously states that it only holds ten dollars ($10.00) cash. Admittedly, the Trust does permit the admittance of additional properties to the Trust during the Plaintiff's lifetime, in which case "[a] receipt for such additional properties shall be executed by the Trustees and a description thereof added to the certificate attached to this declaration of trust." Plaintiff's Submission of Documents at 1. But the Plaintiff does not argue nor does he present any evidence to show he assigned, conveyed, and/or transferred additional properties to the Trust through this procedure or otherwise. As a result, the Trust only contained ten dollars cash and Plaintiff's argument fails.

Published and unpublished opinions have adopted a similar view.[2] In *Tutorow v. Gerber*, WL 984777 (Cal. Ct. App. May 14, 2002), a dispute arose over whether a real property had previously been transferred to a trust or not. The trust contained a paragraph that stated in part that "[t]his trust shall be funded with assets transferred to this Trust by the Grantor at the time of creating this Trust, or at any later time." *Id*. at *1. The trust also had a legal description of the lone property at issue and stated that at the time of the settlor's death, the property should be

---

[2] The Court does not adopt the unpublished opinions as mandatory authority, but rather includes them here to illustrate when other courts have reached similar findings and does find the rationale and conclusions therein compelling. The Supreme Court of Guam has likewise referenced unpublished opinions. *See Guam YTK Corp. v. Port Auth. of Guam*, 2019 Guam 12 ("No court has relied upon *Visiting Nurse* for this proposition, but there have been a handful of unpublished opinions adopting a similar view."); *See also Lamb v. Hoffman*, 2008 Guam 2 ¶ 28 ("In unpublished opinions, a few federal appellate courts have had occasion to follow Lewis and have rejected arguments that petty offense penalties be aggregated."). Lastly, the Ninth Circuit has found the use of unpublished opinions in Guam to be an accepted practice. *See People v. Yang*, 800 F.2d 945, 947 n.2 (9th Cir. 1986) ("Unlike this circuit, the Guam courts afford the same respect to published and unpublished decisions.").

distributed to the beneficiaries as the trust's terms stated. *Id*. The court found that the trust did not contain the property because "there was no declaration . . . transferring any property to the trust nor a separate deed doing so." *Id*. at *3. "At best," the court reasoned, the paragraph mentioning the funding of the trust "indicate[d] an intent to transfer at some point rather than an actual or present transfer." *Id*. The court also reasoned that the paragraph allocating the property was "a distribution paragraph not a transfer." *Id*.

The Defendant cites to another unpublished opinion in *NPR Foundation v. Dimeff*, 2017 WL 1406817 (Cal. Ct. App. April 20, 2017).[3] There, a schedule was attached to the trust describing what properties were held under its control. The defendant attempted to minimize his exposure by arguing that the schedule was not material. *Id*. at *7. The court rejected the defendant's argument, stating that "[e]ven assuming for the sake of argument that the 2008 Trust was 'funded' by some other means, the fact remains that [defendant] drafted Schedule A, a provision in the 2008 Trust that defines the scope of the trust estate." *Id*. More importantly, the court then stated such language is in fact material: "In this case, the 2008 Trust . . . defines the trust estate as "[a]ll of the property *described in Schedule A*," (italics added) thereby making the materiality of Schedule A [] apparent." *Id*. In other words, the California court found that attached schedules to trusts are material since they illustrate what properties are subject to that trust.

*Dimeff* differs from another California case, *Ukkestad v. RBS asset Finance, Inc.*, 235 Cal. App. 4th 156 (Cal. Ct. App. 2015), in that the trust in *Ukkestad* directly transferred property that could be ascertained. *See Ukkestad*, 235 Cal. App. 4th at 163 ("Specifically, in the

---

[3] Defendant's original cite was incorrectly written as 2017 WL 140687.

Trust Instrument, Mabee refers to '*all* of his real and personal property, including . . .real property . . . wherever situated.'"). Thus, the court in *Ukkestad* found the language of the trust was "sufficient . . . to define the property that is part of the Trust's assets" because it could then use extrinsic evidence to determine what assets were in the trust. *Id.* (quotations omitted).

These opinions confirm that the Rusty Calma Trust *Res* consisted only of ten dollars ($10.00), and thereby the Plaintiff has failed to meet his burden of presenting undisputed facts that would entitle him to summary judgment in his favor. The Certificate of properties received by the trustees here is material because it defines the scope of what properties are held by the Trust. Given that the Trust language specifically notes that the Trust's assets are those described in the attached certificate, and that certificate only speaks of $10.00, this Court cannot find that Trust controls anything but ten dollars. Parcel 2 and the condominium unit in Manila are referenced in the Trust, but in a distribution paragraph and not a transfer paragraph. This Court's finding coincides with the rule that courts must interpret trusts so as to align with the intent of the trustor or settlor. *See Ephraim v. Metro. Tr. Co. of Cal.* 28 Cal.2d 824, 834 (Cal. 1946) ("the primary rule in construction of trusts is that the court must, if possible, ascertain and effectuate the intention of the trustor or settler."); *In re Gump's Estate*, 16 Cal. 2d 535 (Cal. 1940) ("In construing trust instruments, as in construction and interpretation of all documents, the duty of the court is to first ascertain and then, if possible, give effect to the intent of the maker.").

The Plaintiff had the opportunity to transfer all his properties to the Trust by using language similar to that as used in *Ukkestad*. He did not. Instead, he limited the trust's assets to those he attached to it. Unfortunately for the Plaintiff, he never attached any of the real properties in dispute here to the Trust and cannot claim now otherwise just because it would

convenience him. *See* GCA § 66104 (the nature, **extent**, and object of a trust are expressed in the declaration of the trust.") (emphasis added).

## IV.    CONCLUSION

The Plaintiff has failed to show there is no genuine issue of material fact and, for the reasons set forth herein, his Motion for Summary Judgment is **DENIED**.

SO ORDERED this ____**SEP 0 7 2022**____.


HONORABLE MARIA T. CENZON
Judge, Superior Court of Guam